James R. Touchstone, SBN 184584
jrt@jones-mayer.com
Denise L. Rocawich, SBN 232792
dlr@jones-mayer.com
Danielle J. Williams, SBN 317229
djw@jones-mayer.com
JONES MAYER
3777 N. Harbor Blvd.
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448


Attorneys for Defendants,
CITY OF FONTANA, BRANDON NICELY, JACOB RAINEY, JOSEPH
MORALES, BRANDON MCCAULLEY, JASON MEISTER, and SAMUEL
WOOTEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIEL ALEXANDER SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FONTANA, BRANDON NICELY, JACOB RAINEY, JOSEPH MORALES, BRANDON MCCAULLEY, JASON MEISTER, SAMUEL WOOTEN, and DOES 1-10 inclusive,<br><br>Defendants. | Case No:<br>Judge:<br><br>**NOTICE OF REMOVAL**<br><br>[Filed concurrently herewith:<br>  (1) Certification of Interested<br>     Parties.] |

-1-

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

     PLEASE TAKE NOTICE THAT Defendants City of Fontana, Brandon Nicely, Jacob Rainey, Joseph Morales, Brandon McCaulley, Jason Meister, and Samuel Wooten, hereby remove to this Honorable Court the state-court action described below.

     1.    On March 8, 2024, this action was commended in the Superior Court of the State of California in and for the County of San Bernardino entitled ARIEL ALEXANDER SANCHEZ, Plaintiff, vs. CITY OF FONTANA, OFFICERS BRANDON NICELY, JACOB RAINEY, JOSEPH MORALES, BRANDON MCCAULLEY, JASON MEISTER, SAMUEL WOOTEN, and DOES 1 through 10, INCLUSIVE, Defendants. The suit was assigned case number CIV SB 2402219 by the San Bernardino County Superior Court. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

     2.    The first date upon which Defendants received a copy of said Complaint was March 28, 2024, when a copy of the Complaint was served on the City Clerk's Office along with a Summon from the State Court. A true and correct copy of the state court Summons is attached hereto as Exhibit "B".

     3.    Along with the Summons and Complaint, Defendants also received the following documents from Plaintiff: Certificate of Assignment; Civil Case Cover Sheet; Notice of Trial Setting Conference and Notice of Case Assignment; and Initial Trial Setting Conference Statement, true and correct copies of which are attached hereto collectively as Exhibit "C". The Summons, Complaint, and the above-listed documents are the only papers that have been served on Defendants City of Fontana, Brandon Nicely, Jacob Rainey, Joseph Morales, Brandon McCaulley, Jason Meister, and Samuel Wooten in the state court action. To the best of the undersigned's knowledge, these are the only papers filed with the state court.

     4.    This action is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1331 and removal jurisdiction under 28 U.S.C. § 1441(b) in that it arises under 42 U.S.C. § 1983. See Compl. at ¶¶ 31-37.

5.    Concurrent with the filing of this Notice of Removal, a Notice to State Court and Adverse Party of Removal to Federal Court is being filed with the state court and served on Plaintiff's counsel. A true and correct copy of that Notice with proof of service thereof is attached hereto as Exhibit "D".

Dated: April 26, 2024                JONES MAYER


By: /s/*Denise L. Rocawich*
        James R. Touchstone
        Denise L. Rocawich
        Danielle J. Williams
        Attorneys for Defendants
        City of Fontana, Brandon Nicely, Jacob
        Rainey, Joseph Morales, Brandon Mccaulley,
        Jason Meister, And Samuel Wooten

NOTICE OF REMOVAL

**EXHIBIT A**

MICHAEL JASON MUNOZ SBN 266692
CIPRIAN TURCU SBN 259628
MUNOZ & MUNOZ ATTORNEYS AT LAW
A PROFESSIONAL LAW CORPORATION
232 EAST FOOTHILL BLVD. SUITE 201
AZUSA CA 91702
PH. (626) 334-8405
FAX. (626) 334-8440

Attorneys for Plaintiff

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 08 2024

BY_____ Stephanie Garcia, Deputy

IN THE SUPERIOR COURTS

OF SAN BERNARDINO COUNTY, STATE OF CALIFORNIA

(San Bernardino)

| | |
|---|---|
| **ARIEL ALEXANDER SANCHEZ,** | **CASE NO. CIV SB 2 4 0 2 2 1 9** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. CIVIL RIGHTS VIOLATIONS 42 U.S.C. §1983: UNLAWFUL SEIZURE, EXCESSIVE FORCE, FABRICATION OF EVIDENCE, DENIAL OF MEDICAL CARE** |
| **CITY OF FONTANA, a municipal entity, OFFICERS BRANDON NICELY, JACOB RAINEY, JOSEPH MORALES, BRANDON MCCAULLEY, JASON MEISTER, SAMUEL WOOTEN an individual, and DOES 1 through 10, inclusive,** | |
| Defendants. | **2. STATE LAW VIOLATIONS: CIVIL CODE §52.1, ASSAULT &. BATTERY, FALSE INPRISONMENT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, GENERAL NEGLIGENCE** |

1
CIVIL RIGHTS COMPLAINT

COMES NOW PLAINTIFF ARIEL ALEXANDER SANCHEZ, and alleges as follows:

## INTRODUCTION

This case presents a stark example of police officers engaging in violent and unlawful conduct with the sole objective of inflicting pain and instilling fear. At least four of the individual defendants piled up on the plaintiff after he had been tackled on a hard asphalt surface. They twisted and contorted his arm in a painful and unnatural position, purposefully dislocating of his elbow. They broke his kneecap and repeatedly punched him in the back of the head while he was lying prone on the ground, not resisting and objectively defenseless. Then, despite his obvious pain and need for immediate medical treatment which they had occasioned, they let him languish in the back of a police cruiser for at least 45 minutes before driving him to a hospital. Plaintiff had committed no crime, and Defendants had no reasonable suspicion that he did. Instead, they did all of this to Plaintiff ostensibly so that he may learn to not "pull away from the cops"—i.e., to refrain from exercising his right to be free from unreasonable searches and seizures. Then in order to cover up their misdeeds, and in further violations of Plaintiff's civil rights, they falsely alleged in their reports that Plaintiff resisted arrest.

## I. PARTIES

1. At all times mentioned herein, defendant CITY OF FONTANA (hereinafter, "CITY") was a public entity duly organized and existing under and by virtue of the laws of the state of California. The CITY has a clear and present duty to follow California and United States law. See, e.g., Cal. Const. Art. III § 3.5. Upon information and belief, the CITY oversees the Fontana Police Department. The CITY is sued both in its own capacity pursuant to *Monell*, 436 U.S. 658, and *Shaw v. State of California Dept. of Alcoholic Beverage Control,* 788 F.2d 600 (9th Cir. 1986), and on the basis of respondeat superior under Cal. Gov. Code § 815.2.

2. At all times relevant herein, defendants BRANDON NICELY, JACOB RAINEY, JOSEPH MORALES, BRANDON MCCAULLEY, JASON MEISTER, SAMUEL WOOTEN were police officers of defendant CITY OF FONTANA, and employees of defendant CITY OF FONTANA,

and said defendants were acting within the course and scope of their employment as police officers of the CITY OF FONTANA, which is liable in respondeat superior pursuant to section 815.2 of the California Government Code for the acts of said defendants which are alleged herein.

3. Defendants BRANDON NICELY, JACOB RAINEY, JOSEPH MORALES, BRANDON MCCAULLEY, JASON MEISTER, SAMUEL WOOTEN and DOE defendants 1 through 10, are sued here in their official capacity and in their individual capacity.

4. At all times relevant herein, defendants BRANDON NICELY, JACOB RAINEY, JOSEPH MORALES, BRANDON MCCAULLEY, JASON MEISTER, SAMUEL WOOTEN and DOE defendants 1 through 10, and each of them, were also acting under color of law, to wit, under the color of the applicable state and federal laws and statutes, as well as ordinances, regulations, policies, customs, and usages of defendant CITY OF FONTANA.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOE defendants 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

6. DOE defendants 1 through 10, and each of them, are and were at all times relevant hereto, employees, police officers, sergeants, investigators, and other police and civilian employees of the CITY OF FONTANA, whose duty it was to supervise the on-scene conduct of the other individual Defendants and/or approval of contents of police reports written by said Defendants, and who were acting within their capacity as employees, agents and servants of the defendant CITY OF FONTANA.  DOES 1 through 10 are sued individually and in their capacity as officers, sergeants, captains, and other police officers for defendant CITY OF FONTANA.

///

///

## II. FACTS COMMON TO ALL CAUSES OF ACTION

7. On March 12, 2022 a fight broke out at 16600 Clubhouse Drive in the city of Fontana, California. During the fight, a firearm was possibly displayed by an unidentified person. Police were called. Defendants BRANDON NICELY, JACOB RAINEY, JOSEPH MORALES, BRANDON MCCAULLEY, JASON MEISTER, SAMUEL WOOTEN, and DOES 1 through 10, inclusive responded to the location as the fight was ending and people were leaving.

8. Plaintiff and his girlfriend had attended a birthday party at the location. They had each exited the building because of the fight and had become separated in the confusion.

9. In the outside parking lot, Plaintiff's girlfriend began talking to one of the individual defendants who had responded to the scene. Plaintiff who was then approximately 60 feet away, and had been looking for his girlfriend, saw her and began walking in her direction. He held his hands away from his body, palms up. Defendants NICELY, MCCAULEY and other DOE defendants could see that he held no weapons in his hands.

10. Prior to any interaction with Plaintiff, one or more of the individual named and/or Doe Defendants had received information that the suspect who had possibly displayed the firearm was attempting to leave the scene in a grey-colored Mercedes. They had also been informed that the suspect was possibly a male. Beyond those characteristics—i.e., "male" and "driving a grey Mercedes"—he/they had no further description of the suspect who had brandished the firearm. Upon arrival on scene, one or more of the individual named and/or Doe Defendants observed a grey Mercedes slowly driving in the parking lot. Defendant WOOTEN and other members of the DEPARTMENT stopped the Mercedes and detained the driver.

11. While the Mercedes was stationary and its driver questioned, Defendant MCCAULEY began speaking to a female who told him a "guy in a white shirt" had attacked her nephew and was attacking women "right now". Defendant MCCAULEY knew that there were many men at the scene matching the description of "guy in a white shirt". The female pointed in the direction of a crowd of people. Defendant MCCAULEY then looked in that direction and did not see anyone "attacking women." The female then pointed at an individual in a white shirt.

///

12. Defendant BRANDON NICELY detained the first male in a white shirt that came into his view. Defendant MCCAULEY immediately radioed Defendant NICELY to release the person he had just detained and instead to grab Plaintiff—who happened to be the next male in a white shirt walking into Defendant NICELY's field of view. Defendant MCCAULEY issued this radio directive even though a bystander had told Defendant MCCAULEY "that's not the guy", referencing the Plaintiff.

13. Defendant NICELY approached Plaintiff from the side. He told Plaintiff to stop. Plaintiff who had done nothing wrong, told Defendant NICELY "my girlfriend's right there" and continued walking.

14. Defendant NICELY then ran up to Plaintiff and without any explanation grabbed Plaintiff by the wrist. Instinctively, Plaintiff attempted to pull his wrist free of Defendant Nicely's grip. He was not successful. Plaintiff did not push, punch, slap or even touch Defendant Nicely with his free hand.

15. Immediately upon seeing Defendant Nicely grab Plaintiff, other individual Defendants, including WOOTEN, MCCAULEY, RAINEY, and MEISTER ran up to Plaintiff. They tackled him to the ground while he was still being held by NICELY.

16. The fall caused Plaintiff to fracture his knee cap. While he was on the ground, defenseless and not resisting, one or more of the individual Doe and/or named defendants punched Plaintiff in the back of the head. Defendants MEISTER and RAINEY punched him repeatedly in the face, causing swelling and bruising. The named and DOE defendants piled on top of him as he lay prone on the ground, causing his left arm to become trapped under the combined weight of their bodies. Defendant MCCAULEY twisted Plaintiff's arm with the sole aim of causing him pain. The named and DOE defendants then yanked his arm out from underneath him and twisted it in such a way as to cause dislocation of his elbow. While they were doing all this, a Doe defendant stated "Do not pull away from the cops". Plaintiff yelled back "I'm not!".

17. Plaintiff was handcuffed. He cried out in obvious pain due to his broken kneecap and dislocated arm. He told one or more of the individual and/or Doe defendants that he could not walk. Despite Plaintiff's obvious injuries and complaints of pain, none of the defendants

attempted to summon or provide any medical care to Plaintiff. Instead, they forced Plaintiff to walk on, and then bend, his already-injured knee and get into the back of a police car.  Although they were fully aware that Plaintiff needed immediate medical care, Defendants MORALES, WOOTEN and/or Doe intentionally delay transporting him to the hospital and left him waiting in the parking lot of the locations for approximately 45 min.  Defendants MORALES, WOOTEN and/or a DOE defendant eventually drove Plaintiff to a hospital, to receive treatment for his pain and injuries.

18. Plaintiff was then arrested and jailed for allegedly resisting a peace officer, a felony violation of California Penal Code Section 69(a).

19. In his official report, dated March 17, 2022 and concerning the encounter with Plaintiff, Defendant NICELY wrote that he had been told Plaintiff was possibly a suspect in a stabbing. This statement was deliberately false. No one, police officer or civilian, ever told Defendant NICELY that Plaintiff had stabbed anyone with, or even that he (Plaintiff) carried, a knife. Upon information and belief, shortly after Plaintiff had been placed in the back of the police car. Defendant NICELY made that same deliberately false statement to a DOE defendant who was on-scene supervisor.

20. In that same report, Defendant NICELY claimed that Plaintiff matched the description of a suspect in possession of a firearm. This statement was likewise false. In fact, the only description of the suspect in possession of the gun was that he was driving a grey Mercedes. There was no further physical description. Plaintiff was walking when Defendant NICELY detained him, and was nowhere near any Mercedes, grey or otherwise. Upon information and belief, shortly after Plaintiff had been placed in the back of the police car. Defendant NICELY made that same deliberately false statement to a DOE defendant who was on-scene supervisor.

21. Defendant MCCAULEY, in his report, claimed that he saw Plaintiff "ball up his fist" and "push" Defendant NICELY. MCCAULEY also claimed that Plaintiff was "swinging his fist" toward his (MCCAULEY's) body. All of these statements are deliberately false. Upon information and belief, shortly after Plaintiff had been placed in the back of the police car,

Defendant MCCAULEY made those same deliberately false statements to a DOE defendant who was on-scene supervisor.

///

22. In his report, Defendant RAINEY claimed Plaintiff had tensed up and was attempting to keep his arms under his body. These statements are deliberately false. Plaintiff had no choice as to what to do with his arms. Several police officers were on top of his, and their combined weight prevented him from moving his arms. Upon information and belief, shortly after Plaintiff had been placed in the back of the police car, Defendant RAINEY made those same deliberately false statements to a DOE defendant who was on-scene supervisor.

23. Relying on the false statements, and without further investigation, a DOE defendant or defendants whose duty it was to act in a supervisory capacity and make an independent determination whether Plaintiff should be further detained or released, decided to formally arrest Plaintiff and transport him to jail.

24. On August 19, 2022, the San Bernardino County District attorney, acting on behalf of the State of California, filed a complaint charging Plaintiff in case MWV22012724 with a one-count violation of California Penal Code Section 148(a)(1), a misdemeanor. Upon information and belief, the District Attorney relied on the false statements in the reports when deciding whether to charge Plaintiff.

25. On August 23, 2022 Plaintiff made a demand for damages on all DEFENDANTS pursuant to California Tort Claims Act 810 et. seq. (hereinafter, the "CTCA claim")

26. On August 31, 2022 Plaintiff entered a not guilty plea in the criminal case. Plaintiff's limitations period to bring a civil action for money damages was tolled during the pendency of this criminal case, see Gov. Code § 945.3.

27. On April 26, 2023, DEFENDANTS denied the CTCA claim.

28. Plaintiff's criminal case was dismissed on November 7, 2023.

29. Plaintiff is informed and believes, and thereon alleges, that the CITY has a policy, custom, practice and pattern of conduct in place that enables its agents and employee police officers to act with deliberate indifference to the constitutional rights of individuals. This policy, custom,

practice and pattern of conduct, includes, but is not limited to, tolerating misconduct by its police officers, and encouraging misconduct by failing to adequately supervise, discipline and train its police officers. Additionally, the custom, practice and pattern of conduct maintained by the CITY encourages its agents and employee police officers to punish individuals whom they perceive as defiant to the assertion of their authority by inflicting physical pain on such individuals.

30. Plaintiff is informed and believes, and thereon alleges, that CITY maintains a custom, policy, pattern, and practice of failing to exercise reasonable care in training, supervising and hiring its officers. Plaintiff further alleges that CITY maintains a custom, policy, pattern and practice of inaction regarding disciplining police officers for constitutional violations. Plaintiff also alleges that CITY has inadequate guidelines for conducting seizures of persons—i.e., detentions and arrests—the use of force necessary for arrests, officer demeanor, and use of de-escalation tactics. Plaintiff likewise alleges that CITY does not provide adequate training to its officers regarding the quantum and quality of information they need to possess before they may lawfully detain an individual. The CITY's policy, custom, practice and pattern were a motivating factor causing a deprivation of Plaintiff's constitutional rights.

### III. FIRST CLAIM FOR RELIEF

### FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

### 42 U.S.C. § 1983

### (UNLAWFUL SEIZURE)

31. Plaintiff brings this claim for relief against all Defendants, who aided and abetted one another in the acts alleged in this claim, and realleges and incorporates by reference in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

32. "The Fourth Amendment protects against unreasonable seizures by the government." *Gonzalez v. ICE*, 975 F.3d 788, 819 (9th Cir. 2020) (citing U.S. Const. amend. IV). "The infringement on personal liberty of any 'seizure' of a person can only be 'reasonable' under the

Fourth Amendment if we require the police to possess 'probable cause' before they seize him." Id. (emphasis in original) (quoting *Terry v. Ohio*, 392 U.S. 1, 38 (1968)). "Whenever an officer restrains the freedom of a person to walk away, he has seized that person." *Tennessee v. Garner*, 471 U.S. 1, 7 (1985).

33. As described in detail above in Section II (Facts Common to All Counts), Defendants, acting under color of state law, intentionally deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments, by seizing, arresting, unreasonably taking into custody, and prolonging the detention of Plaintiff without cause and in violation of clearly established state and federal law. One or more of the DOE Defendants failed to perform his/their duty to appropriately supervise the named Defendants, and rather aided and abetted them in covering up the violations, knowingly approving their falsified reports for submission to the District Attorney's Office to initiate prosecution against Plaintiff in order to shield Defendants from liability.

34. As a direct and proximate result of Defendants' aforementioned acts, Plaintiff was injured as set forth above.

35. Individual defendants are personally liable under 42 U.S.C. § 1983 and not immune based on the doctrine of qualified immunity.

36. The CITY is liable pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because the Fontana Police Department has a policy, practice, pattern, and/or custom of unlawfully condoning, permitting, and not sufficiently addressing its law enforcement officers' use of unlawful detention and excessive force in violation of the Fourth and Fourteenth Amendments. This policy, practice, pattern, and/or custom is carried out with municipal funds and directly causally related to the deprivations of Plaintiff's Fourth and Fourteenth Amendment rights by Defendants.

37. The CITY is separately vicariously liable under state law, because its employees, acting within the course and scope of their duties, are liable for this federal constitutional violation. Cal. Gov. Code § 815.2.

///

1  ///

2  ///

## IV. SECOND CLAIM FOR RELIEF
## FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION
## VIOLATION OF 42 U.S.C. § 1983
## (EXCESSIVE FORCE)

38. Plaintiff brings this claim for relief against all Defendants, who aided and abetted one another in the acts alleged in this claim, and realleges and incorporates by reference in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

39. "Excessive use of force in effectuating a seizure violates the Fourth Amendment." *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1165 (9th Cir. 2014) (citing Graham v. Connor, 490 U.S. 386, 109 S. Ct. 1865 (1989)).

40. As described in detail above in Section II (Facts Common to All Counts), Defendants, acting under color of state law, intentionally deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments, by tackling him to the ground, collectively piling up on top of him, punching him many times in the back of the head, and dislocating his arm. One or more of the DOE Defendants failed to perform his/their duty to appropriately supervise the named Defendants, and rather aided and abetted them in covering up the violations, knowingly approving their falsified reports for submission to the District Attorney's Office to initiate prosecution against Plaintiff in order to shield Defendants from liability.

41. The CITY is liable pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), because the Fontana Police Department has a policy, practice, pattern, and/or custom of unlawfully condoning, permitting, and not sufficiently addressing its law enforcement officers' use of unlawful detention and excessive force in violation of the Fourth and Fourteenth Amendments. This policy, practice, pattern, and/or custom is carried out with municipal funds

and directly causally related to the deprivations of Plaintiff's Fourth and Fourteenth Amendment rights by Defendants.

///

42. The CITY is separately vicariously liable under state law, because its employees, acting within the course and scope of their duties, are liable for this federal constitutional violation. Cal. Gov. Code § 815.2.

## V. THIRD CLAIM FOR RELIEF
## FOURTH AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION
## VIOLATION OF 42 U.S.C. § 1983
## (FALSE STATEMENTS AND FABRICATION OF EVIDENCE)

43. Plaintiff brings this claim for relief against all Defendants, who aided and abetted one another in the acts alleged in this claim, and realleges and incorporates by reference in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

44. "[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey,* 263 F.3d 1070, 1074-75 (9th Cir. 2001).

45. As described in detail above in Section II (Facts Common to All Counts), Defendants, acting under color of state law, intentionally deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments, by making the many false statements against Plaintiff including, but not limited to, that he was suspected in a stabbing, and of carrying a concealed firearm, and that he "balled up his fist" at, and swung toward, an officer. The false statements caused the unlawful imprisonment of, and the bringing of criminal charges against, Plaintiff.  One or more of the DOE Defendants failed to perform his/their duty to appropriately supervise the named Defendants, and rather aided and abetted them in covering up the violations, knowingly

approving their falsified reports for submission to the District Attorney's Office to initiate

prosecution against Plaintiff in order to shield Defendants from liability.

46. The CITY is liable pursuant to *Monell v. Department of Social Services*, 436 U.S. 658

(1978), because the Fontana Police Department has a policy, practice, pattern, and/or custom of

condoning, permitting, and not sufficiently addressing its law enforcement officers' use of

unlawful detention and excessive force in violation of the Fourth and Fourteenth Amendments.

The policy, practice, pattern and/or custom in turn encourages the law enforcement officers to

make false statements in order to cover up the unlawful detention of, and use of excessive force

against, members of the public. This policy, practice, pattern, and/or custom is carried out with

municipal funds and directly causally related to the deprivations of Plaintiff's Fourth and

Fourteenth Amendment rights by Defendants.

47. The CITY is separately vicariously liable under state law, because its employees, acting

within the course and scope of their duties, are liable for this federal constitutional violation. Cal.

Gov. Code § 815.2.

### VI. FOURTH CLAIM FOR RELIEF
### FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION
### VIOLATION OF 42 U.S.C. § 1983
### (DENIAL OF MEDICAL CARE)

48. Plaintiff brings this claim for relief against all Defendants, who aided and abetted one

another in the acts alleged in this claim, and realleges and incorporates by reference in this claim

each and every allegation of the preceding paragraphs, with the same force and effect as though

fully set forth herein.

49. The Fourteenth Amendment is violated if state officials are deliberately indifferent to a

pretrial detainee's serious medical needs. *Rife v. Oklahoma Dep't of Pub. Safety*, 854 F.3d 637,

647 (10th Cir. 2017, internal citations omitted)

50. As described in detail above in Section II (Facts Common to All Counts), Defendants, acting

under color of state law, intentionally deprived Plaintiff of rights, privileges, and immunities

secured by the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments, by intentionally or recklessly denying medical care to Plaintiff while he was confined in the back of the police cruiser.

///

51. As a result, Plaintiff was subjected to extreme and unnecessary physical and mental pain and suffering while he waited for medical assistance.

52. The named and DOE Defendants knew that failure to provide timely medical treatment to Plaintiff could result in further injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff mental and physical suffering.

53. The CITY is liable pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), because the Fontana Police Department has a policy, practice, pattern, and/or custom of condoning, permitting, and not sufficiently addressing its law enforcement officers' use of unlawful detention and excessive force in violation of the Fourth and Fourteenth Amendments. The policy, practice, pattern and/or custom in turn encourages the law enforcement officers to purposefully delay medical care to members of the public injured during the use of unlawful detentions and excessive force.  This policy, practice, pattern, and/or custom is carried out with municipal funds and directly causally related to the deprivations of Plaintiff's Fourth and Fourteenth Amendment rights by Defendants.

54. The CITY is separately vicariously liable under state law, because its employees, acting within the course and scope of their duties, are liable for this federal constitutional violation. Cal. Gov. Code § 815.2.

## VI. FOURTH CLAIM FOR RELIEF
## CAL. CIV. CODE § 52.1 (TOM BANE CIVIL RIGHTS ACT)

55. Plaintiff brings this claim for relief against all Defendants, who aided and abetted one another in the acts alleged in this claim, and realleges and incorporates by reference in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

56. The Tom Bane Civil Rights Act provides for liability when a defendant's threats, intimidation, or coercion interferes or attempts to interfere with "the exercise or enjoyment by any individual of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code § 52.1(a).

57. As described in detail above in Section II (Facts Common to All Counts), Defendants, acting under color of state law, engaged in threats, intimidation, or coercive acts that interfered with or attempted to interfere with the rights of Plaintiffs secured under the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution, and Sections 7 and 13 of Article I of the California Constitution. Defendant DOE failed to perform his duty to appropriately supervise the other named and/or DOE defendants, and rather aided and abetted them in covering up the violations, knowingly approving their falsified reports for submission to the District Attorney's Office to initiate prosecution against Plaintiff in order to shield Defendants from liability.

58. Defendants unlawfully took Plaintiff into custody and imprisoned and detained him without probable cause for an unreasonably lengthy period, with the particular purpose of depriving Plaintiff of the protections afforded under the U.S. and California Constitutions and state law.

59. Defendants additionally unlawfully applied excessive force against Plaintiff with the particular purpose of depriving Plaintiffs of the protections afforded him under the U.S. and California Constitutions and state law.

60. Defendants also fabricated evidence against Plaintiff in an attempt to have him falsely charged, with the particular purpose of depriving him of the protections afforded under the U.S. and California Constitutions and state law.

61. Defendants' deliberate and reckless actions caused Plaintiff to suffer significant harm.

62. Individual defendants are personally liable under the Bane Civil Rights Act.

63. The CITY is separately vicariously liable under state law, because its employees, acting within the course and scope of their duties, are liable under the Bane Act. Cal. Gov. Code § 815.2.

## VII. FIFTH CLAIM FOR RELIEF

## FALSE IMPRISONMENT

64. Plaintiff brings this claim for relief against all Defendants, who aided and abetted one another in the acts alleged in this claim, and realleges and incorporates by reference in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

65. "False imprisonment involves the intentional confinement of another against the person's will. The elements are (1) nonconsensual, intentional confinement of a person, (2) without lawful privilege, (3) for an appreciable period of time, however brief." *Bocanegra v. Jakubowski*, 241 Cal. App. 4th 848, 854 (2015) (citations omitted).

66. As described in detail above in Section II (Facts Common to All Counts), Defendants, acting under color of state law, intentionally, recklessly, and negligently took and held Plaintiff in custody and confined him against his will for an appreciable period of time, even though they had no privilege to do so, and constitutional and state statutory law explicitly prohibited Defendants from doing so. See U.S. Const., amend. IV and XIV; Cal. Const., art. 1, §§ 7 and 13. DOE defendants failed to perform their duty to appropriately supervise other named and/or DOE defendants, and rather aided and abetted them in covering up the violations, knowingly approving their falsified reports for submission to the District Attorney's Office to initiate prosecution against Plaintiff in order to shield Defendants from liability.

67. Individual defendants are personally liable for false imprisonment.

68. The CITY is separately vicariously liable under state law, because its employees, acting within the course and scope of their duties, are liable for this state law violation. Cal. Gov. Code § 815.2.

## VIII. SIXTH CLAIM FOR RELIEF
## ASSAULT AND BATTERY

69. Plaintiff brings this claim for relief against all Defendants, who aided and abetted one another in the acts alleged in this claim, and realleges and incorporates by reference in this claim

each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

70. "The essential elements of a cause of action for assault are: (1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." *So v. Shin*, 212 Cal.App.4th 652, 668-69 (2013).

71. "The essential elements of a cause of action for battery are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." Id. at 669.

72. As described in detail above in Section II (Facts Common to All Counts), Defendants, acting under color of state law, intentionally, recklessly, and negligently, and with the intent to harm Plaintiff, tackled and beat him, placed Plaintiff in handcuffs, took Plaintiff into custody and confined him against his will, even though constitutional and state statutory law explicitly prohibited Defendants from doing so. See U.S. Const., amend. IV and XIV; Cal. Const., art. 1, §§ 7 and 13. Defendant DOE failed to perform his duty to appropriately supervise the other individual defendants, and rather aided and abetted them in covering up the violations, knowingly approving their falsified reports for submission to the District Attorney's Office to initiate prosecution against Plaintiff in order to shield Defendants from liability.

73. Plaintiff did not consent to Defendants' offensive conduct and reasonably believed that they were going to be harmed and were harmed, as any reasonable person in Plaintiffs' position would have been.

74. Defendants' offensive conduct directly and proximately injured Plaintiff.

75. Individual defendants NICELY, MCCAULEY, and RAINEY are personally liable for assault and battery.

76. The CITY is separately vicariously liable under state law, because its employees, acting within the course and scope of their duties, are liable for this state law violation. Cal. Gov. Code § 815.2.

## VIII. SEVENTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77. Plaintiff brings this claim for relief against all Defendants, who aided and abetted one another in the acts alleged in this claim, and realleges and incorporates by reference in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

78. "A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal.4th 1035,1050-1051 (2009) (internal quotation marks omitted).

79. As described in detail above in Section II (Facts Common to All Counts), Defendants, acting under color of state law, intentionally, recklessly, and negligently, and with the intent to harm Plaintiff, tackled and beat him, placed Plaintiff in handcuffs, took Plaintiff into custody and falsely imprisoned him, even though constitutional and state statutory law explicitly prohibited Defendants from doing so. See U.S. Const., amend. IV and XIV; Cal. Const., art. 1, §§ 7 and 13. Defendant DOE failed to perform his duty to appropriately supervise the other individual defendants, and rather aided and abetted them in covering up the violations, knowingly approving their falsified reports for submission to the District Attorney's Office to initiate prosecution against Plaintiff in order to shield Defendants from liability.

80. Defendants' conduct was extreme and outrageous and was done with the intention of causing, or in reckless disregard of the probability of causing, emotional distress to Plaintiff. Defendants' conduct was carried out in direct violation of constitutional and statutory law and in a willful

abuse of power; it was intended to cause extreme injury to Plaintiff with the realization that it would do so. Defendants' conduct was so extreme as to exceed all bounds of that usually tolerated in a civilized community.

///

81. Plaintiff suffered severe or extreme emotional distress and injury as a direct and proximate result of Defendants' outrageous conduct.

82. Defendants' offensive conduct directly and proximately injured Plaintiff.

83. Individual defendants NICELY, RAINEY, MCCAULEY, MEISTER and the DOE defendants are personally liable for assault and battery.

84. The CITY is separately vicariously liable under state law, because its employees, acting within the course and scope of their duties, are liable for this state law violation. Cal. Gov. Code § 815.2.

## IX. EIGHTH CLAIM FOR RELIEF

## NEGLIGENCE

85. Plaintiff brings this claim for relief against all Defendants, who aided and abetted one another in the acts alleged in this claim, and realleges and incorporates by reference in this claim each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

86. At all times relevant to this complaint, DOE defendants had a duty to supervise the named Defendants NICELY, MEISTER, RAINEY and MCCAULEY.

87. As described above in Section II ("Facts Common to All Causes of Action"), the named and DOE defendants unlawfully seized Plaintiff, used excessive force against him and intentionally committed violence and intimidation against him not for any legitimate crime-prevention or investigative purpose, but solely to prevent him from exercising rights secured to him by the United States and California Constitutions. Additionally, the named and Doe Defendants delayed medical care to Plaintiff when it was apparent to any reasonable person that he was injured and in pain. Finally, they fabricated evidence against Plaintiff in order to imprison him and to cause the filing of a criminal case against him. At a minimum, the named and DOE defendants acted

negligently and, in doing so, engaged in malice an oppression and despicable conduct with a willful and conscious disregard for the rights of Plaintiff.

88. Upon information and belief, the individual named and/or DOE defendants who tackled and beat Plaintiff were supervised by a DOE defendant at the scene. Later, a DOE defendant approved the reports containing deliberately false information about Plaintiff's conduct and the circumstances in which he was tackled and beaten. These DOE defendants summarily approved and/or ratified the conduct and false statements of the named and/or DOE Defendants without undertaking any reasonable investigation to determine the veracity of their claims against Plaintiff.

89. The DOE Defendant or Defendants who was/were the on-scene supervisor/s and who approved the false reports are personally liable for negligence.

90. The CITY is directly liable for its negligence, and separately vicariously liable under state law, because its employees, acting within the course and scope of their duties, are liable for this state law violation. Cal. Gov. Code 815.2

## VI. PRAYER FOR RELIEF

WHEREFORE, on the basis of the foregoing claims, Plaintiffs pray that the Court grant judgment against Defendants as follows:

1. General and compensatory damages in an amount according to proof;

2. Special damages according to proof;

3. Injunctive relief;

4. Costs, restitution, and multiple damages according to proof;

5. Punitive and exemplary damages according to proof;

6. Any and all applicable statutory and civil penalties;

7. Pre- and post-judgment interest on any amounts awarded;

8. An award of attorneys' fees and costs, when permitted by law;

9. Leave to amend this Complaint to conform to the evidence produced in discovery and at trial; and

10. Such other and further relief as the Court deems just and proper.

Plaintiff hereby demands jury trial of all issues so triable.

**DATE: 03/04/2024**

By: _____

Michael J. Munoz, Esq.

Munoz and Munoz,

Attorneys for Plaintiff

**EXHIBIT B**

RECEIVED
- MAR 28 2024
CITY OF FONTANA
City Clerk's Department

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 08 2024

BY: Stephanie Garcia, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF FONTANA, a municipal entity, OFFICERS BRANDON NICELY, JACOB RAINEY,
JOSEPH MORALES, BRANDON MCCAULLEY, JASON MEISTER, SAMUEL WOOTEN, an
individual, and DOES 1 through 10, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ARIEL ALEXANDER SANCHEZ

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SAN BERNARDINO COUNTY SUPERIOR COURT <br> SAN BERNARDINO JUSTICE CENTER/CIVIL DIVISION <br> 247 West Third Street, San Bernardino, CA 92415-0210 | CASE NUMBER: <br> *(Número del Caso):* <br> CIVSB 2402219 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MICHAEL J. MUNOZ 266692                                   626-334-8405
232 EAST FOOTHILL BOULEVARD, SUITE 201 AZUSA CA 91702

| DATE: <br> *(Fecha)* MAR 08 2024 | Clerk, by <br> *(Secretario)* Stephanie Garcia | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

# EXHIBIT C

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

ARIEL ALEXANDER SANCHEZ

Case No.: **CIV SB 2 4 0 2 2 1 9**

VS.

**CERTIFICATE OF ASSIGNMENT**

CITY OF FONTANA, ET AL.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino District of the Superior Court under Rule131 and General Order of this court for the checked reason:

☑ General     ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☑ | 20. Other Civil Rights | The cause of action arose within the district |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| The cause of action arose within the district | | 16600 Clubhouse Drive |
|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS |

| Fontana | | CA | | 92336 |
|---|---|---|---|---|
| CITY | | STATE | | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 03/04/2024 at Azusa ,

California.

_____
Signature of Attorney/Party



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Sanchez -v- City of Fontana et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVSB2402219 |

Munoz & Munoz, Attorneys at Law
232 E Foothill Blvd Suite 201
Azusa CA  91702

This case has been assigned to:  David E Driscoll in Department S22 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  09/09/2024  at 8:30 AM in Department S22 - SBJC

Date:  3/8/2024                              By: _____

Stephanie Garcia, Deputy Clerk

------------------------------------------------------------------------
------------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐  Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐  Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☒  A copy of this notice was given to the filing party at the counter.

☐  A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  3/8/2024

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 3/8/2024 at San Bernardino, CA.

By: _____

Stephanie Garcia, Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| MICHAEL J. MUNOZ 266692<br>MUNOZ & MUNOZ<br>232 EAST FOOTHILL BOULEVARD, SUITE 201, AZUSA, CA 91702<br>TELEPHONE NO.: 626-334-8405          FAX NO.: 626-334-8440<br>EMAIL ADDRESS: MMUNOZ@MUNOZLAWYERS.COM<br>ATTORNEY FOR *(Name):* ARIEL ALEXANDER SANCHEZ | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>MAR 08 2024<br><br>BY      Stephanie Garcia, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino 92415-0210
BRANCH NAME: SAN BERNARDINO JUSTICE CENTER/CIVIL DIVISION

CASE NAME:
SANCHEZ v. CITY OF FONTANA, ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIVSB 2 4 0 2 2 1 9 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   - [ ] Auto (22)
   - [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   - [ ] Asbestos (04)
   - [ ] Product liability (24)
   - [ ] Medical malpractice (45)
   - [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   - [ ] Business tort/unfair business practice (07)
   - [✓] Civil rights (08)
   - [ ] Defamation (13)
   - [ ] Fraud (16)
   - [ ] Intellectual property (19)
   - [ ] Professional negligence (25)
   - [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   - [ ] Wrongful termination (36)
   - [ ] Other employment (15)

   **Contract**
   - [ ] Breach of contract/warranty (06)
   - [ ] Rule 3.740 collections (09)
   - [ ] Other collections (09)
   - [ ] Insurance coverage (18)
   - [ ] Other contract (37)

   **Real Property**
   - [ ] Eminent domain/Inverse condemnation (14)
   - [ ] Wrongful eviction (33)
   - [ ] Other real property (26)

   **Unlawful Detainer**
   - [ ] Commercial (31)
   - [ ] Residential (32)
   - [ ] Drugs (38)

   **Judicial Review**
   - [ ] Asset forfeiture (05)
   - [ ] Petition re: arbitration award (11)
   - [ ] Writ of mandate (02)
   - [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation**
   **(Cal. Rules of Court, rules 3.400–3.403)**
   - [ ] Antitrust/Trade regulation (03)
   - [ ] Construction defect (10)
   - [ ] Mass tort (40)
   - [ ] Securities litigation (28)
   - [ ] Environmental/Toxic tort (30)
   - [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   - [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   - [ ] RICO (27)
   - [ ] Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   - [ ] Partnership and corporate governance (21)
   - [ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 03/04/2024

MICHAEL J. MUNOZ
_____ ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use                    **CIVIL CASE COVER SHEET**                    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (Name):
FAX NO. (Optional):

TRIAL SETTING CONFERENCE DATE: _____
UNLIMITED CASE: _____
LIMITED CASE: _____

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INITIAL TRIAL SETTING CONFERENCE STATEMENT | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.  This document must be filed and served at least 15 days prior to the trial setting conference date.**

1.  **Party or parties** (answer one):
    a.  ☐ This statement is submitted by party (*name*):
    b.  ☐ This statement is submitted jointly by parties (*names*):

2.  **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3.  **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4.  **Description of case** in Complaint:

5.  **Description of case** in Cross-Complaint:

6.  Has all discovery been completed: Yes ☐  No ☐  Date discovery anticipated to be completed: _____

7.  Do you agree to mediation? Yes ☐  No ☐  Please check type agreed to: Private: _____  Court-sponsored: _____

8.  **Related cases, consolidation, and coordination**:  Please attach a Notice of Related Case.

    ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐  No ☐  Available dates: _____
    Time estimate: _____

9.  **Other issues**:
    ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer**:
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (Name):
FAX NO. (Optional):

TRIAL SETTING CONFERENCE DATE: _____
UNLIMITED CASE: _____
LIMITED CASE: _____

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

### INITIAL TRIAL SETTING CONFERENCE STATEMENT

CASE NUMBER:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>**

1.  **Party or parties** (answer one):
    a.  ☐ This statement is submitted by party (*name*):
    b.  ☐ This statement is submitted jointly by parties (*names*):

2.  **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3.  **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4.  **Description of case** in Complaint:

5.  **Description of case** in Cross-Complaint:

6.  Has all discovery been completed:  Yes ☐   No ☐   Date discovery anticipated to be completed: _____

7.  Do you agree to mediation?  Yes ☐   No ☐   Please check type agreed to:  Private: _____   Court-sponsored: _____

8.  **Related cases, consolidation, and coordination**:  Please attach a Notice of Related Case.

    ☐ A motion to ☐ consolidate   ☐ **Trial dates requested: Yes** ☐ No ☐ Available dates: _____
    Time estimate: _____

9.  **Other issues**:
    ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer**:
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

**EXHIBIT D**



James R. Touchstone, SBN 184584
jrt@jones-mayer.com
Denise L. Rocawich, SBN 232792
dlr@jones-mayer.com
Danielle J. Williams, SBN 317229
djw@jones-mayer.com
JONES MAYER
3777 N. Harbor Blvd.
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448


Attorneys for Defendants,
CITY OF FONTANA, BRANDON NICELY, JACOB RAINEY, JOSEPH MORALES, BRANDON MCCAULLEY, JASON MEISTER, and SAMUEL WOOTEN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| ARIEL ALEXANDER SANCHEZ, | Case No:  CIV SB 2402219 |
|---|---|
| Plaintiff, | |
| v. | **NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT** |
| CITY OF FONTANA, BRANDON NICELY, JACOB RAINEY, JOSEPH MORALES, BRANDON MCCAULLEY, JASON MEISTER, SAMUEL WOOTEN, and DOES 1-10 inclusive, | |
| Defendants. | |

-1-

**TO THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants' Notice of Removal of this action from the Superior Court of California, County of San Bernardino, to the United States District Court for the Central District of California, together with copies of all pleadings and process served upon Defendants, has on this date been filed in the United States District Court for the District of California. A copy of the Notice of Removal (without exhibits) is attached hereto as "Exhibit A."

Dated: April 26, 2024                    JONES MAYER


By: /s/*Denise L. Rocawich*
     James R. Touchstone
     Denise L. Rocawich
     Danielle J. Williams
     Attorneys for Defendants, City Of Fontana,
     Brandon Nicely, Jacob Rainey, Joseph
     Morales, Brandon Mccaulley, Jason Meister,
     And Samuel Wooten

-2-

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**                         )

**COUNTY OF ORANGE**                         )    **ss.**

      I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3777 North Harbor Blvd. Fullerton, Ca 92835.  On April 26, 2024, I served the foregoing document(s) described as **NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT,** on each interested party **listed below**/on the attached service list.

Michael Jason
mmunoz@munozlawyers.com
Ciprian Turcu
Munoz & Munoz, APC
232 East Foothill Boulevard, Suite 201
Azusa, CA 91702
Tel: (626) 334-8405
Fax: (626) 334-8440

  XX    (VIA MAIL) I placed the envelope for collection and mailing, following the ordinary business practices.

        I am readily familiar with Jones Mayer's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at La Habra, California, in the ordinary course of business. I am aware that on motion of the parties served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

  XX    (VIA ELECTRONIC SERVICE) By electronically transmitting the document(s) listed above to the e-mail address(es) of the person(s) set forth above. The transmission was reported as complete and without error.  See Rules of Court, Rule 2.251.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 26, 2024 at Fullerton, California.

Wendy A. Gardea

-3-